IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR DONTAVIOUS
STALLWORTH,

    Plaintiff,

v.                                       Case No. 5:17-cv-306-MCR-GRJ

WILKINS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 16, Plaintiff's third amended complaint pursuant to 42 U.S.C. § 1983. For the following reasons, it is respectfully recommended that this case be dismissed for failure to state a claim and for failure to comply with a Court order.

### I. Introduction

Plaintiff, a *pro se* prisoner litigant, initiated this case by filing civil rights complaint pursuant to § 1983. (ECF No. 1.) Although Plaintiff failed to file a motion for leave to proceed as a pauper, for efficiency purposes the Court screened Plaintiff's 47-page complaint and directed him to file an amended complaint limited to 25 pages. (ECF No. 4.) Plaintiff then filed a motion for leave to proceed as a pauper, which the Court granted, followed

by a first amended complaint. (ECF Nos. 5–7.)

In accordance with 28 U.S.C. § 1915(e), the Court screened Plaintiff's amended complaint and identified a number of deficiencies. The Court wrote a seven-page order specifically identifying those deficiencies and directed Plaintiff to file a second amended complaint addressing those deficiencies. (ECF No. 9.)

Rather than heeding the Court's directive, Plaintiff instead filed a second amended complaint—which was nearly identical to his first amended complaint—and remedied few, if any, of the deficiencies. (ECF No. 11.) While most of Plaintiff claims failed, his amended complaint allegations suggested he could have a potential retaliation claim against certain Defendants. (ECF No. 12.) In light of Plaintiff's *pro se* status, the Court provided Plaintiff "one final opportunity" to amend his complaint addressing the deficiencies. (*Id.* at 10.)

Plaintiff then filed the instant third amended complaint, again completely ignoring the Court's order specifying the deficiencies in his amended complaint. (ECF No. 16.) The third amended complaint is virtually identical to the second amended complaint except for a few minor differences. The only difference is that Plaintiff added several new allegations—none of which remedy any of the identified deficiencies—and

has added two new "John Doe" Defendants.

As the Court previously explained the only arguable claims Plaintiff has attempted to raise were Plaintiff's retaliation claims against five Defendants—Captain Williams, Captain Billingsey, Captain Gainnie, Sergeant Heffell, and Sergeant Richardson. The Court advised Plaintiff that if he wished to pursue these claims he only would be entitled to nominal damages and would not be entitled to request compensatory or punitive damages. Instead of including a request for nominal damages Plaintiff again requested compensatory and punitive damages. The Court has given Plaintiff ample time and ample opportunities to amend his complaint to present plausible claims. Plaintiff has ignored the Court's directive for the third time. This is Plaintiff's third strike and as the saying goes three strikes and your are out.

## II. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir.

2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by *Iqbal*, 129 S. Ct. 1937*).*

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## III.  Third Amended Complaint

In the third amended complaint Plaintiff names nine Defendants, all of whom are employed at Gulf Correctional Institution ("Gulf CI"): (1) Mrs. Wilkins, a grievance coordinator; (2) Assistant Warden Mrs. Ponder; (3) Captain Williams; (4) Captain Billingsey; (5) Captain Gainnie; (6) Sergeant Richardson; (7) Sergeant Heffell; (8) "John Doe," Food Service Supervisor; and (9) "John Doe," Mental Health Counselor. (ECF No. 16.)

### A.  *Mrs. Wilkins and Mrs. Ponder*

Plaintiff alleges he filed multiple grievances while he was incarcerated at Gulf CI complaining about various issues between April 9, 2017, and August 29, 2017.  According to Plaintiff, Mrs. Wilkins and Mrs. Ponder failed to respond to his grievances in retaliation for Plaintiff filing grievances on officers and FDOC officials and in response to Plaintiff's alleged participation in a riot. Plaintiff also says Mrs. Ponder failed to supervise adequately her subordinates and either "created a policy or custom" that violated constitutional rights or "allowed a policy or custom to

continue." (*Id.* at 17.) Plaintiff makes no mention of the policy or custom that was created. Plaintiff alleges that Mrs. Wilkins and Mrs. Ponder violated his First, Eighth, and Fourteenth Amendment rights.

The Court previously advised Plaintiff on two separate occasions that a prison official's failure to respond to an inmate's grievance (or multiple grievances) does not give rise to a constitutional claim. (ECF No. 9 at 4–5; ECF No. 12 at 3–4); *see Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); *Prosper v. Fla. Dep't of Corr.*, No. 5:09cv256/MCR/MD, 2010 WL 1380374, at *3 (N.D. Fla. Feb. 24, 2010), *report and recommendation adopted*, 2010 WL 1380370, at *1 (N.D. Fla. Mar. 31, 2010) (dismissing prisoner's claim that the FDOC violated his constitutional rights by failing to timely respond to a grievance "because a prisoner has no constitutionally-protected interest in an inmate grievance procedure"). The Court also advised Plaintiff on the same two occasions that merely alleging a prison official did something in retaliation for something else is wholly conclusory and does not give rise to a plausible retaliation claim. (ECF No. 9 at 5; ECF No. 12 at 4.)

Plaintiff's third amended complaint does not include any new

allegations sufficient to state a plausible constitutional claim against either Mrs. Wilkins or Mrs. Ponder. Although Plaintiff now alleges that Mrs. Ponder failed to adequately supervise her subordinates and either maintained or created "a policy or custom" of violating constitutional rights, § 1983 does not create vicarious or respondeat superior liability for the wrongdoings of others. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that supervisory officials cannot be held vicariously liable for the subordinates' actions under § 1983); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.")

Furthermore, to the extent Plaintiff uses the phrase "policy or custom," his allegation is wholly conclusory and fails to point to any policy or custom created by Mrs. Ponder that violated his constitutional rights. To the extent Plaintiff means a policy or custom of not responding to grievances this is insufficient because failing to respond to grievances does not give rise to a constitutional claim. *See West v. Tillman*, 496 F.3d 1321, 1328–29 (11th Cir. 2007) (to establish liability where a supervisory defendant was not personally involved in the alleged constitutional

violation, the plaintiff must show either "(1) a 'custom or policy that results in deliberate indifference to constitutional rights or . . . facts that support an inference that the supervisors directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;' or (2) 'a history of widespread abuse that put the responsible supervisor on notice of the need to correct the alleged deprivation, [yet the supervisor] fails to do so'"). In short, Plaintiff has failed to state a plausible claim against either Mrs. Wilkins or Mrs. Ponder.

### B.   *Captain Williams, Captain Billingsey, Captain Gainnie, Sergeant Heffell, and Sergeant Richardson*

Plaintiff also alleges in his third amended complaint that Captain Williams, Captain Billingsey, Captain Gainnie, Sergeant Heffell, and Sergeant Richardson violated his First, Eighth, and Fourteenth Amendment rights. Plaintiff seeks compensatory and punitive damages as relief.

**1. Bed Sheets**

In May 2017, Plaintiff says he complained to Captain Williams and Captain Billingsey about not having bed sheets. They allegedly told Plaintiff that if he stopped filing grievances he would get bed sheets. Plaintiff was forced to sleep on a mattress without bed sheets for seven days.

As the Court previously advised Plaintiff, however, "[r]efusing to provide an inmate with sheets on one occasion, which resulted in the

inmate being without sheets for seven days and nights, does not rise to the level of cruel and unusual punishment." (ECF No. 12 at 5) (citing *Fisher v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007) (finding no constitutional violation where inmate was denied sheets and showers, among other things, for three days); *Trammell v. Keane*, 338 F.3d 155, 158, 165 (2d Cir. 2003) (no Eighth Amendment violation where inmate was deprived of exercise, blanket, and mattress for several weeks); *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) ("There is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding.")). Plaintiff therefore cannot maintain an Eighth Amendment claim against Captain Williams or Captain Billingsey based on their alleged denial of bed sheets on one occasion.

**2. Meal Trays**

In May 2017, Captain Williams and Captain Billingsey each allegedly refused to honor Plaintiff's request for an alternate meal tray on one occasion. They told Plaintiff to stop filing grievances and he would get an alternate tray. Then on May 31, 2017, Plaintiff filed a grievance about the confinement meal trays not being cleaned properly and having black mold on them. Plaintiff also complained to Captain Williams and Captain Billingsey about the dirty trays on one occasion. Captain Williams and

Captain Billingsey told Plaintiff to stop filing grievances on staff. Eventually, Plaintiff became sick with a stomach virus from the meal trays and was denied medical attention.

As the Court previously explained, however, merely denying an inmate an alternate meal try on one occasion does not amount to an Eighth Amendment violation. (ECF No. 12 at 6–7) (citing *Hoever v. Belleis*, 703 F. App'x 908, 911 (11th Cir. 2017) (prisoner failed to state plausible Eighth Amendment claim where he alleged that he was denied lunch for twenty days but failed to assert that missing one meal per day worsened his health); *Sylvestre v. Williams*, No. 3:08cv488/LC/MD, 2009 WL 62650, at *1 (N.D. Fla. Jan. 8, 2009) (deprivation of one meal did not constitute Eighth Amendment violation)).

Similarly, although Plaintiff claims he got a stomach virus from the dirty meal trays, which he had complained about to Captain Williams and Captain Billingsey, he does not allege that Captain Williams or Captain Billingsey had anything to do with (1) the dirty meal trays, (2) his grievance complaining about dirty meal trays, (3) ensuring that the meal trays were cleaned properly, or (4) denying Plaintiff medical attention. His allegations about the dirty meal trays therefore do not give rise to a plausible constitutional claim against Captains Williams or Billingsey.

### 3. Cold Drinking Water

After Plaintiff was released from confinement in June 2017, Plaintiff was housed in a dorm with other inmates who had been involved in a riot earlier that month. The cold water in Plaintiff's cell, however, was not working properly. Plaintiff complained to Captain Williams, Captain Gainnie, and Sergeant Richardson on June 26, 2017, and to Captain Billingsey and Sergeant Heffell on June 30, 2017. They told Plaintiff that he should have thought about that before he rioted against the officers. They also told Plaintiff that if he stopped filing grievances he would get some cold water to drink. Plaintiff was housed in the cell for fourteen days without any cold drinking water, which he says was done in retaliation for the riot and for filing grievances.

The Court previously explained, however, that "refusing to move an inmate to a different cell with cold drinking water on one occasion, which resulted in the inmate being without cold drinking water in his cell for fourteen days, does not constitute cruel and unusual punishment." (ECF No. 12 at 6) (citing *Arango v. Broward Sheriff's Office*, No. 13-62147-CIV, 2014 WL 584205, at *1 (S.D. Fla. Feb. 14, 2014) (inmate's allegation that his cell lacked cold water was insufficient to rise to the level of a constitutional violation). Plaintiff therefore cannot maintain an Eighth

Amendment claim premised on Defendants' refusal to move Plaintiff.

### 4. Outdoor Recreation

Captain Billingsey and Sergeant Heffell allegedly denied Plaintiff outdoor recreation on July 8, 2017, July 22, 2017, and September 2, 2017, even though Plaintiff had just been released from thirty days confinement. Similarly, Captain Williams and Sergeant Richardson denied Plaintiff outdoor recreation on July 15, 2017, August 12, 2017, and August 27, 2017. At some point, Captain Gainnie also denied Plaintiff outdoor recreation. Plaintiff says Captain Billingsey and Sergeant Heffell told him that he could not have outdoor recreation because he was filing grievances and was involved in the riot. Plaintiff also claims that after September 2, 2017, he was denied outdoor recreation for six weeks.

The Court previously advised Plaintiff that denying an inmate outdoor recreation on two occasions does not amount to an Eighth Amendment violation. (*Id.* at 6–7) (citing *Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999) (prison's complete denial of outdoor exercise for inmates incarcerated for violent crimes, although harsh, did not violate the Eighth Amendment); *Trammell*, 338 F.3d at 158, 165; *Jones v. Diamond*, 594 F.2d 997, 1012–13 (5th Cir. 1979) (holding that inmates have no constitutional right to outdoor recreation time)). Plaintiff's new allegation in

his third amended complaint, which merely adds one additional occasion upon which the Defendants denied him outdoor recreation time, does not miraculously remedy the deficiency with this claim.[1]

### 5. Laundry

Plaintiff vaguely says at some point Captain Williams, Captain Billingsey, Captain Gainnie, Sergeant Heffell, and Sergeant Richardson refused to give Plaintiff an opportunity to exchange or wash his clothes. But as the Court already informed Plaintiff,

> vague allegations that an officer refused to provide an inmate with an opportunity to exchange or wash his clothes does not plausibly suggest that the officer subjected the inmate to wanton and unnecessary infliction of pain or that the inmate was subjected to an unreasonable risk of serious damage to his future health or safety.

(*Id.* at 8–9) (citing *Madison v. Ferrell*, No. 05-00428-CG-C, 2007 WL 3253659, at *13–14 (S.D. Ala. Nov. 2, 2007) (inmate's vague and general allegations that he was subjected to various forms of abuse, including inadequate laundry care, did not state plausible Eighth Amendment claim)).

### 6. Retaliation

To the extent Plaintiff claims Captain Williams, Captain Billingsey,

---

[1] Although Plaintiff also says he was denied outdoor recreation for six weeks after September 2, 2017, Plaintiff does not allege that any of the Defendants had anything to do with that denial.

Captain Gainnie, Sergeant Heffell, and Sergeant Richardson told Plaintiff he was being denied bed sheets, an alternate meal tray, transfer to a different cell, outdoor recreation, and laundry exchange *because* he had filed grievances, the Court already advised Plaintiff *twice* that he is not entitled to compensatory or punitive damages because his allegations fail to suggest that he suffered any type of physical injury from the alleged retaliation.[2] (ECF No. 9 at 5–6; ECF No. 12 at 9–10) (citing 42 U.S.C. § 1997e(e) (under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999), *vacated*, 197 F.3d 1059, *reinstated in relevant part*, 216 F.3d 970, 972 (11th Cir. 2000) ("[T]he physical injury must be more than de minimis, but need not be significant."); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (district court properly dismissed claims for compensatory and punitive damages where there were no allegations that inmate suffered a physical injury from alleged retaliation)).

While Plaintiff would be entitled to seek nominal damages for the

---

[2] The only physical injury Plaintiff alleges to have suffered is a stomach virus from the dirty meal trays. As discussed, however, there are no allegations that any of the Defendants had anything to do with the dirty meal trays or Plaintiff's medical attention—or lack thereof.

alleged retaliation, Plaintiff's third amended complaint does not include a request for nominal damages. Nor does it contain any other request that could be construed to request nominal damages. The Court advised Plaintiff of this deficiency when it screened his second amended complaint—which also only requested compensatory and punitive damages. (ECF No. 12 at 10.) The Court told Plaintiff that his third amended complaint should not contain requests for compensatory or punitive damages and instead, that "his third amended complaint should include a request for nominal damages." (*Id.* at 10–11.)[3] Despite the Court's clear instruction, Plaintiff has not included a request for nominal damages in his third amended complaint. Nor has he included any other request that could be liberally construed to request nominal damages. Thus, it appears Plaintiff is not interested in pursuing his retaliation claims for nominal damages. [4]

---

[3] The Court also advised Plaintiff upon screening his first amended complaint—which included a request for "any additional relief this Court deems just proper and equitable," that such a request would be construed as a request for nominal damages. (ECF No. 9 at 7 n.3.) There is no such request in his third amended complaint.

[4] Although a plaintiff is generally entitled to seek injunctive relief on a retaliation claim, Plaintiff would not be entitled to injunctive relief in this case because he has since been transferred from the facility where Defendants are employed and there are no allegations pertaining to his current facility.

### C.     *"John Doe" Defendants*

Finally, Plaintiff's attempt to add two new Defendants does not save this case. Plaintiff claims "Mrs. John Doe Food Supervisor" denied Plaintiff due process by failing to respond to Plaintiff's inmate request seeking an alternate meal tray because the meat tray was making him sick. Plaintiff also says the food supervisor is liable for the meal trays not being cleaned properly because she supervises the kitchen and staff, and knew, from Plaintiff's complaints, that the meal trays were making him sick.

Similarly, Plaintiff says "Mrs. John Doe Mental Health Counselor" violated Plaintiff's Eighth and Fourteenth Amendment rights by not responding to Plaintiff's inmate request in which he asked to be seen for cold sweats, flashbacks, hearing voices, and depression. Plaintiff also says the mental health counselor never saw him for an initial interview when he arrived at Gulf CI or when his mental health plan was established. Plaintiff claims he had to attempt suicide on June 21, 2017, just to be seen by the mental health counselor.

Despite other problems, there is one fatal flaw with these claims: Plaintiff cannot maintain a claim against an unnamed defendant. While discovery could potentially reveal the names of unnamed individuals, Plaintiff's claims against the other Defendants fail for the aforementioned

reasons. He cannot proceed with this case solely against two unnamed Defendants.

## IV.  Conclusion

Plaintiff's claims failed twice before and now fail again. The Court already advised him of the deficiencies with his claims, yet he failed to remedy those deficiencies despite having two opportunities to do so. Plaintiff has failed to state a plausible claim against any of the Defendants and at this juncture, providing him a fourth opportunity to amend his complaint would be futile.

Furthermore, Plaintiff failed to comply with the Court's clear directives in its order dated February 5, 2018. *See* ECF No. 12. A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967). Despite a clear directive to file a third amended complaint addressing various deficiencies, and despite a clear

warning that failure to comply with the Court's order would result in a recommendation that the case be dismissed without further notice, Plaintiff ignored the Court's order and filed practically the same complaint a third time.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim and for failure to comply with a Court order.

**IN CHAMBERS**, this 2nd day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**