# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

VICTOR DONTAVIOUS STALLWORTH,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 5:17-cv-306-MCR-MJF

CAPT. WILLIAMS, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

In this civil action pursuant to 42 U.S.C. § 1983, Plaintiff is suing a mental health counselor, Regina Cox, and two correctional officers. This report and recommendation addresses only Plaintiff's claim against Cox. Plaintiff alleges that Cox violated the Eighth Amendment insofar as she was deliberately indifferent to Plaintiff's mental health. Doc. 116 at 10. Cox has moved to dismiss this claim for failure to exhaust administrative remedies. Doc. 169. Plaintiff responded in opposition. Doc. 172. Because Plaintiff indeed failed to exhaust his administrative remedies, the District Court should grant Cox's motion to dismiss Plaintiff's claim against Cox.

## I. BACKGROUND

Plaintiff alleges that when he was transferred to Gulf Correctional Institution—on a date that Plaintiff does not specify—Cox failed to conduct an initial mental health interview of Plaintiff, failed to schedule Plaintiff for a mental health appointment, and "denied his mental health plan . . . ." Doc. 116 at 10. Subsequently, on April 19, 2017, Plaintiff filed a sick call request seeking mental health treatment for cold sweats, flashbacks, auditory hallucinations, and depression. *Id.* Cox did not respond to Plaintiff's request for treatment *Id.* In order to be seen by a mental health provider, on June 21, 2017, Plaintiff attempted to commit suicide. *Id.*

According to Plaintiff, on June 5, 2017, he filed a formal grievance in which he alleged that Cox denied Plaintiff mental health treatment. Doc. 116 at ¶ 24; Doc. 172 at 3. Plaintiff alleges that he did not receive a response to this formal grievance because the "formal grievance was destroyed or shredded by grievance coordinator Wilkins." Doc. 172 at 3. According to Plaintiff, therefore, he "exhausted all his available administrative remedies." Doc. 172 at 4. Cox, however, contends that Plaintiff never filed an informal grievance, formal grievance, or grievance

appeal relating to his claim that Cox denied Plaintiff mental health treatment. Doc. 170 at 4, 6; *see* Doc. 152-1.

## II. STANDARD

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a section 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of such remedies is a mandatory precondition to filing a lawsuit. *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Varner*, 11 F.4th at 1257. Exhaustion is analyzed in two steps. First, a "district court must . . . determine whether the complaint should be dismissed for lack of exhaustion 'tak[ing] the plaintiff's version of the facts as true.'" *Varner*, 11 F.4th at 1258 (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). Second, if the complaint is not subject to dismissal at the first step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *see Bryant v. Rich*, 530 F.3d 1368, 1373–74, 1376 (11th Cir. 2008). The court then "decide[s]

whether under those findings the plaintiff has exhausted his available administrative remedies." *Varner*, 11 F.4th at 1258 (quoting *Turner*, 541 F.3d at 1082–83).

The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner*, 11 F.4th at 1260. "Proper exhaustion 'means using all steps that the agency holds out, and doing so *properly* . . . .'" *Varner*, 11 F.4th at 1260 (quoting *Woodford*, 548 U.S. at 90). The relevant agency, not the PLRA, determines the proper method of exhaustion. *Jones*, 549 U.S. at 218.

### III. DISCUSSION

**A.   The FDC's Grievance Procedure**

The Florida Department of Correction's ("FDC") grievance procedure generally entails a three-step process. To complete the process, an inmate must: (1) file an informal grievance with a designated prison staff member; (2) file a formal grievance at the institutional level with the warden's office; and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). Fla. Admin. Code r. 33-103.005 to -103.007; *see Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir.

2010). An inmate filing a medical grievance may skip the informal grievance and begin with a formal grievance at the institutional level, however. Fla. Admin. Code r. 33-103.006(3)(e).

Florida law provides specific deadlines for completing each step of the grievance process. *See* Fla. Admin. Code r. 33-103.011. A formal grievance "[m]ust be received no later than 15 calendar days from. . . the date on which in the incident or action being grieved occurred if an informal grievance was not filed pursuant to the circumstances specified in subsection 33-103.006(3)." Fla. Admin. Code r. 33-103.011(1)(b)(2). FDC staff have up to 20 calendar days from the date of receipt of the grievance to respond. Fla. Admin. Code r. 33-103.011(3)(b).

An appeal "must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Fla. Admin. Code r. 33-103.011(1)(c). The Central Office must respond to a grievance appeal or direct grievance within 30 calendar days of receipt of the grievance. Fla. Admin. Code r. 33-103.011(3)(c).

B.   **The *Turner* Analysis**

At step one of the *Turner* analysis, the District Court must take as true Plaintiff's allegations that on June 5, 2017, he submitted a formal

grievance which included allegations regarding Cox's denial of mental health treatment. For purposes of this analysis, the District Court also must accept Plaintiff's allegation that Plaintiff did not receive a response to this formal grievance because an FDC employee destroyed it. Nevertheless, Cox has carried her burden of demonstrating that Plaintiff failed to exhaust his administrative remedies.

Under the applicable regulations, the FDC was required to respond to Plaintiff's formal grievance of June 5, 2017 within 20 calendar days of receipt of this grievance. Fla. Admin. Code r. 33-103.011(3)(b). That is, the FDC was required to respond to Plaintiff's formal grievance on or before June 26, 2017. Fla. Admin. Code r. 33-103.011(5) (extending the deadline if the fifteenth day is a Sunday). According to the relevant regulations, unless Plaintiff agreed in writing to allow the FDC additional time to respond to his formal grievance, the FDC's failure to respond to Plaintiff's grievance entitled Plaintiff "to proceed to the next step of the grievance process." Fla. Admin. Code r. 33-103.011(4).

As noted above, the FDC failed to respond to Plaintiff's formal grievance of June 5, 2017. Plaintiff does not allege that he granted the FDC additional time to respond. When the FDC had failed to respond to

his formal grievance, to exhaust his administrative remedies, Plaintiff was required to file an appeal with the Central Office. *Pavao v. Sims*, 679 F. App'x 819, 825–26 (11th Cir. 2017); *see Varner*, 11 F.4th at 1260 (requiring an inmate to complete all steps that the agency provides). Plaintiff's appeal was due within 15 days of June 26, 2017—*i.e.*, on or before July 11, 2017. Plaintiff, however, does not allege that he filed such an appeal,[1] and the record also does not indicate that Plaintiff filed such an appeal. Plaintiff also does not allege that anyone prevented him from filing such an appeal.[2]

---

[1] Plaintiff clearly understood that in the absence of a response to his formal grievance, he was required to proceed to the next step, because he filed such appeals on multiple occasions. In fact, on July 11, 2017, Plaintiff filed three appeals after staff failed to respond to his informal and formal grievances. *See* Doc. 152-1 at 44, 46, 48. Furthermore, Plaintiff certified that on March 17, 2017, while housed at Gulf Correctional Institution, staff conducted an orientation and informed Plaintiff of the inmate grievance procedures. *Id.* at 54–56.

[2] Even if Plaintiff had alleged that FDC employees prevented him from filing an appeal, this is refuted by the administrative record. *See Whatley v. Smith*, 898 F.3d 1072, 1083 (11th Cir. 2018) (district courts can appropriately consider the plaintiff's history of filing other grievances as evidence that defendants did not lose or destroy his grievances relating to the claims brought in the complaint). On July 11, 2017, Plaintiff filed three appeals with the Central Office. Doc. 152-1 at 44, 46, 48. The Central Office received, routed, and responded to each appeal. *Id.* at 30, 44–49. Evidence that other appeals filed by Plaintiff—at or around the same time that he was required to file an appeal regarding his claim that

Because Plaintiff failed to appeal when the FDC took no action on his formal grievance of June 5, 2017, Plaintiff failed to exhaust his administrative remedies. *Pavao*, 679 F. App'x at 826; *see Varner*, 11 F.4th at 1260.

## IV. CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies prior to commencing this civil action against Cox, the undersigned respectfully recommends that the District Court:

1. **GRANT** Regina Cox's Motion to Dismiss, Doc. 170.

2. **DISMISS** Plaintiff's claim against Regina Cox for failure to exhaust his administrative remedies.

3. **DIRECT** the clerk of the court to terminate Cox as a defendant in this action.

At Pensacola, Florida, this 10th day of January, 2024.

---

Cox denied him mental health care—proceeded through the grievance process is sufficient to refute Plaintiff's "contention that his attempts to exhaust administrative remedies were" unavailable to him due to prison staff's misconduct. *Stewart v. Coates*, No. 3:21-CV-719/MCR/ZCB, 2023 WL 5352930, at *6 (N.D. Fla. July 3, 2023) *report and recommendation adopted*, No. 3:21-cv-00719/MCR/ZCB, 2023 WL 5352611 (N.D. Fla. Aug. 21, 2023).

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**